IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


MICHAEL REYNOLDS, )
 )
 Plaintiff, )
 )
 v. )     Civil Action No. 18-217-E
 )
 )
COMMISSIONER OF SOCIAL SECURITY, )
 )
 Defendant. )


O R D E R


AND NOW, this 28th day of August, 2019, upon consideration of Defendant's Motion for

Summary Judgment (Doc. No. 8), filed in the above-captioned matter on December 4, 2018,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No.

6), filed in the above-captioned matter on October 26, 2018,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN

PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks remand to the

Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and

denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner

for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

## I.      **Background**

On March 16, 2015, Michael Reynolds protectively filed a claim for supplemental

security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq.

Specifically, Plaintiff claimed that he became disabled on September 7, 2012, due to fluid on

lungs, hernia, sleep apnea, ADHD, depression, anger issues, stress, and history of alcoholism. (R. 235).

After being denied initially on April 28, 2015, Plaintiff sought, and obtained, a hearing on May 22, 2017, before an Administrative Law Judge ("ALJ"). (R. 9-51). In a decision dated August 16, 2017, the ALJ denied Plaintiff's request for benefits. (R. 105-115). The Appeals Council declined to review the ALJ's decision on July 19, 2018. (R. 1-5). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II.  Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record.  See 42 U.S.C. § 405(g).  The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.  See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion.  Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)).  However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110,

114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate "some 'medically determinable basis for an impairment that prevents him [or her] from engaging in any substantial gainful activity for a statutory twelve-month period.'" Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001) (quoting Plummer, 186 F.3d at 427 (internal citation omitted)). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 416.920(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 416.920(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.922(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must

proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. § 416.920(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 416.923.

### III.    The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the application date, March 16, 2015. (R. 107). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had certain severe impairments, particularly, obesity, degenerative disc disease of the lumbar spine, cognitive disorder,

dysthymia, ADHD, and learning disorder.  (R. 107).  The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three.  (R. 108).

The ALJ next found that Plaintiff retained the RFC to perform light work, except that he can occasionally climb ramps, stairs and ladders; can occasionally bend, stoop, kneel, crouch, and crawl; must avoid concentrated exposure to respiratory irritants and unprotected heights; can understand, carry out, and remember simple and some detailed instructions, and can sustain attention and concentration to complete those tasks; can work in team or tandem for repetitive tasks, but cannot work at a fast pace; can work in an environment in which changes to routine are clearly explained; and can read material written at up to a fifth grade level in order to perform work tasks.  (R. 110).  At Step Four, the ALJ found that Plaintiff has no past relevant work, so she moved on to Step Five.  (R. 113).  The ALJ then used a vocational expert ("VE") to determine whether or not a significant number of jobs existed in the national economy that Plaintiff could perform.  The VE testified that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as office cleaner, price marker, and subassembler of electronics. (R. 114-15).  Accordingly, the ALJ found that Plaintiff was not disabled.  (R. 115).

## IV.  <u>Legal Analysis</u>

Plaintiff raises several arguments as to why he believes that the ALJ erred in finding him to be not disabled.  While the Court does not fully agree with the arguments set forth by Plaintiff, it does agree that remand is warranted in this case.  Plaintiff argues, in part, that his RFC is not supported by substantial evidence because the ALJ did not properly consider the evaluation of clinical psychologist Walter L. Rhinehart, Psy.D., in her discussion.  More specifically, Plaintiff contends that the ALJ did not provide a full and accurate explanation for her treatment of Dr.

Rhinehart's evaluation, to which she admittedly gave "great weight" in making her RFC determination. (R. 113). The Court finds that, because the ALJ failed to discuss properly the report of Dr. Rhinehart, the Court cannot find that the ALJ's formulation of Plaintiff's RFC is supported by substantial evidence. Accordingly, the Court will remand the case for further consideration.

RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Fargnoli, 247 F.3d at 40 (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000)); see also 20 C.F.R. § 416.945(a)(1). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705); see also SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

Upon referral from the state Office of Vocational Rehabilitation, Dr. Rhinehart completed a comprehensive "Adult Clinical Psychological Evaluation" after examining Plaintiff in January and February of 2014. (R. 313-22). In explaining the basis for Plaintiff's RFC in her decision, the ALJ stated that she gave "great weight" to that evaluation by Dr. Rhinehart. (R. 113). After close review of both Dr. Rhinehart's report and the ALJ's decision, however, the

ALJ does not appear to fully agree with—or has misstated—some of the content of Dr. Rhinehart's report.  For example, the Court notes that, along with diagnosing Plaintiff with a reading disability in his evaluation, Dr. Rhinehart further specified that Plaintiff "can follow written instructions at 3rd grade level."  (R. 321).  Nevertheless, the ALJ's RFC assessment states that Plaintiff "can read material written at up to a fifth grade level in order to perform work tasks" (R. 110), and the ALJ provides no explanation for her conclusion that Plaintiff can function at a 5th grade reading level rather than a 3rd grade level as Dr. Rhinehart found.

While an ALJ need not agree with all of the findings of any particular opinion in a claimant's record, he or she should provide a rationale for his or her decision so that the Court can determine whether it is based on substantial evidence.  Here, the ALJ summarized various findings from Dr. Rhinehart's report and explained that she was giving that assessment "great weight" because "he is a specialist opining within his field of expertise" who "supported his conclusions with objective clinical findings and data."  (R. 113).  The ALJ further explained that Dr. Rhinehart's "assessment is generally consistent with the medical evidence of record."  (R. 113).  However, because the ALJ included no discussion of which parts of Dr. Rhinehart's evaluation she was adopting and which parts she was rejecting and her reasons for doing so, the Court cannot discern whether the ALJ made a simple error in finding that Plaintiff can read at a 5th grade level rather than at a 3rd grade level, or whether the ALJ concluded that the evidence of record does not support that portion of Dr. Rhinehart's evaluation.  Thus, since the ALJ provided no further explanation as to the evidence she relied upon in reaching her conclusions on this issue—and since it is not obvious to the Court that the record is inconsistent with such a finding regarding Plaintiff's reading level—the Court finds that the ALJ's decision lacks adequate

discussion and clarity to explain her conclusion in this regard. The Court is therefore simply unable to discern the basis for her decision.

Additionally, the Court notes that the ALJ's summary of statements included in Dr. Rhinehart's report reveals an overstatement of part of that report's content. Specifically, the ALJ explains in her decision that, at the time of the examination by Dr. Rhinehart, Plaintiff indicated that "'without having driving privileges, he cannot perform jobs for which he has training.'" (R. 111-12). The ALJ, however, appears to use this comment to support her conclusion that Plaintiff "reported that his lack of employment stemmed not from a medical condition, but rather the loss of his driving license due to drunk driving offenses." (R. 111). The fact that Plaintiff cannot perform jobs for which he has training without having his driving privileges, however, does not necessarily mean that Plaintiff's lack of employment was due only to his loss of a license, and not also due to a medical condition. Because the ALJ's characterization of Plaintiff's statements is somewhat misleading, the Court finds that the ALJ's discussion of Dr. Rhinehart's evaluation is inadequate in this regard as well.

Accordingly, because of the ALJ's insufficient explanation of her reasons for rejecting the reading limitations in Dr. Rhinehart's opinion, along with the misleading characterization of Plaintiff's comments reported therein, it is not apparent to the Court whether the ALJ's decision is based on substantial evidence. While the ALJ was certainly not required simply to adopt all of the findings of Dr. Rhinehart, she was required to explain adequately her basis for rejecting them if she chose to do so. Thus, the ALJ's comments concerning the limitations contained in Dr. Rhinehart's evaluation, and her reasons for agreeing or disagreeing with the findings contained therein, do not allow the Court to determine whether her decision is based on substantial

evidence.  Remand is therefore required to allow for more focused discussion regarding Dr. Rhinehart's evaluation.

Additionally, the ALJ should, of course, ensure that proper weight be accorded to the other parts of Dr. Rhinehart's evaluation, the other opinions, and the medical evidence presented in the record, and she should verify that her conclusions at all steps of the sequential evaluation process are adequately explained, in order to eliminate the need for any future remand.  Indeed, the Court expresses no opinion as to whether the ALJ's RFC determination regarding Plaintiff's impairments could, in fact, be supported by the record.  It is, instead, the need for further explanation that mandates the remand on this issue.

## V.     Conclusion

In short, the record simply does not permit the Court to determine whether the ALJ's determination of Plaintiff's RFC is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case.  The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.


s/ Alan N. Bloch
United States District Judge

ecf:        Counsel of record